UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

KATHY ANN GARCIA-LAWSON          CASE NO.:  08-CV-80865

     Plaintiff,

v.

NATALIE M. GARLAND,
BILL McCOLLUM, ATTORNEY
GENERAL OF THE STATE OF
FLORIDA; ROBERT BUTTERWORTH,
SECRETARY OF THE FLORIDA
DEPARTMENT OF CHILDREN & FAMILIES,
THE HONORABLE RICHARD L. OFTEDAL,
AND THE HONORABLE JEFFREY J. COLBATH,
CIRCUIT JUDGES OF THE FIFTEENTH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY,
FLORIDA; AND MICHAEL O. LEAVITT, UNITED
STATES HEALTH AND HUMAN SERVICES,

     Defendants.
_____/

## DEFENDANT NATALIE M. GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT

COMES NOW Defendant, NATALIE GARLAND (hereinafter "ATTORNEY GARLAND"), by and through her undersigned counsel, who moves this Court for Rule 11 sanctions against the Plaintiff for violating the provisions of Rule 11 of the Federal Rules of Civil Procedure in any one of the three following ways, 1) suit in this Court was filed in part for the purpose of delaying trial of the dissolution of marriage in the Fifteenth Judicial Circuit for the State of Florida; 2) suit was filed for the improper purpose of federal oversight of state court proceedings, including by implication orders of the state court; 3) Plaintiff's claims

1

and legal contentions are not warranted by existing law; 4) Plaintiff has in fact admitted that these proceedings constitute the unnecessary multiplication of litigation; accordingly, ATTORNEY GARLAND states as follows:

1.      Plaintiff filed her original Complaint for Declaratory Relief (Dk # 1) in this Court on August 5, 2008, shortly before the dissolution of marriage trial scheduled on August 11, 2008, in the Fifteenth Judicial Circuit (Ex. 1, Notice of Trial).   Plaintiff had already filed a similar suit on July 17, 2008, in the Second Judicial Circuit in and for Leon County, Case No. 08-CA-2304, seeking a declaratory judgment and an injunction prohibiting the Fifteenth Judicial Circuit from proceeding with the dissolution trial[1] (See, Dk#17, ¶1, Ex. A,).   The original Complaint filed in the instant case also sought an injunction prohibiting the state court from proceeding   (Dk#1, ¶¶ 60, 81, 104, 166).   Neither court entered an immediate injunction.

2.      On August 8, 2008, Plaintiff filed for bankruptcy protection thereby causing the bankruptcy court's automatic stay to halt the trial scheduled for August 11, 2008.   In her Emergency Motion for Order to Show Cause and Application for Temporary Restraining Order, filed on August 18, 2008 in the U.S. Bankruptcy Court, Southern District, now on appeal to this Court under Case No. 08-81064, Plaintiff filing pro se stated, "On or about Thursday, August 13, 2008, Judge Richard Oftedal set a hearing on the Motion filed by Natalie Garland to Bifurcate the Debtor's divorce proceeding – *a stay of which was only one of the*

---

[1]  Plaintiff incorporated the Second Judicial Circuit complaint by reference in the First Amended Complaint filed in this Court.

*urgent reasons why Debtor filed her Chapter 13 petition in this court."* (Emphasis supplied) (Ex. 2 , ¶ 2).

3.     Plaintiff filed her First Amended Complaint in this Court on October 24, 2008 (Dk#18). In paragraph 35, Plaintiff states, "It is because the Defendants have violated Plaintiff's civil rights that this action has been filed to obtain *federal oversight.*" (Emphasis supplied).  Plaintiff's complaint is premised on her belief that her civil rights were violated when the dissolution court denied her first Motion to Dismiss which addressed the constitutionality of Florida Statute § 61.052, allowing divorce based on a finding that the marriage is "irretrievably broken", and later denied her fourth Motion to Amend counter-claims to challenge the constitutionality of the same statute.  The state dissolution court denied the motion because six months earlier she failed to amend when previously given ten (10) days in which to do so, the case was over three years old, and it was ready to be set for its fourth trial setting[2] (Ex. 3).  Although Plaintiff does not specifically address these rulings, they are, by implication, the basis of the alleged constitutional violations which she has now brought before three (3) unrelated courts[3], despite state court appellate rules allowing direct review of the state court's actions.

4.     Plaintiff seeks a ruling on the constitutionality of Florida's dissolution of marriage statutes generally, and specifically § 61.052 which allows dissolution if the marriage is shown to be "irretrievably broken".  The Florida

---

[2] The three prior trial settings were continued due to various excuses by Plaintiff.
[3] Plaintiff has brought the same claims before the Second Judicial Circuit for Leon County, the United States Bankruptcy Court, Southern District, and the United States District Court, Southern District.

Supreme Court addressed constitutionality of the statute in <u>Ryan v. Ryan</u>, 277 So. 2d 266 (Fla. 1973), and followed by <u>Simmons v. Simmons</u>, 279 So. 2d 351 (Fla. 2nd DCA 1973); <u>Johnson v. Johnson</u>, 284 So. 2d 231 (Fla. 2nd DCA 1973). The state dissolution court cited <u>Ryan v. Ryan</u> on the last page of its June 19, 2008 order denying Plaintiff leave to amend, stating amendment would be futile (Ex. 3).  The statutes having been determined to be constitutional, Plaintiff's remedy if she believes the statute has been improperly applied in her case is through the state appellate procedures. Plaintiff should have proceeded through trial, testified and presented evidence of why the marriage is not irretrievably broken, then, if ruled against, she could have appealed the ruling and the prior non-final orders. A reasonable reading of <u>Ryan v. Ryan</u>, and its progeny, as well as inquiry and research of the Florida Rules of Court and Florida Appellate Rules of Court, would have provided Plaintiff guidance.  However, she instead chose to file multiple lawsuits attempting to state a cause of action against her husband's attorney, Attorney Garland, blaming her for the marital demise and alleging a baseless conspiracy between all Defendants to violate her civil rights by simply prosecuting or hearing the dissolution action.  Further, reasonable research would have revealed that the courts in which she filed her various actions were either bound to follow precedent, or could not or would not exercise jurisdiction over the subject matter of the litigation. Accordingly, Plaintiff's allegations of and attack on the constitutionality of Florida's marital dissolution statutes are unsupported by existing law. Further, all aspects of Plaintiff's claims in her First Amended Complaint against Attorney Garland are unsupported by existing law,

4

and were previously dismissed by the Second Judicial Circuit, Leon County, State of Florida (Dk#25, attached thereto). The filing of the current lawsuit without having performed a reasonable inquiry into state and federal rules and federal law violates Rule 11(b)(2), because the claims and other legal contentions are not warranted by existing law, especially with regard to Attorney Garland.

5. Plaintiff has admittedly and needlessly multiplied the litigation which originated in the state court dissolution action (Ex. 4, p.1,last ¶)[4]. She filed for bankruptcy protection the Friday before the dissolution trial for the admitted purpose of staying the trial (Ex. 2, ¶2), and now appeals the rulings of the Bankruptcy Court (See, Case 08-81064, USDC,SD,FL). She filed suit against Attorney Garland and the nearly identical state Defendants named in this action in the Second Judicial Circuit, and she filed this action before the Southern District where she continues to maintain this action by amending her complaint and responding to all Defendants' motions to dismiss, even after the Second Judicial Circuit rejected the same claims, specifically finding no cause of action against Attorney Garland.

6. By filing her copious, protracted pleadings, Plaintiff has violated Rule 11(b)(1),(2), which automatically certifies that the attorney or unrepresented party "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –

(1) [her pleadings are] not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

---

[4] Plaintiff refers to the "needless multiplication of judicial proceedings" which she initiated.

    (2)    the claims, defenses, and other legal contentions therein are warranted by existing law or by a non frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

. . . .

7.    Plaintiff's allegations against Attorney Garland also violate Rule 11(b)(3) which requires that by making a representation to the court in a pleading, the attorney "is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

    (3)    the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

. . . .

8.    Plaintiff's allegations that Attorney Garland participated in improper conduct, including conspiracy, are completely devoid of evidentiary support. Attorney Garland owes only a duty to her client, not to this opposing Plaintiff who has embarked on a mission to disparage and denigrate her ethical and proper representation of her client, said mission having begun in the dissolution action[5].

WHEREFORE, Defendant Attorney Garland requests this Court impose sanctions in compliance with Rule 11 assessed against the Plaintiff, and to award

---

[5] In the state court dissolution, Plaintiff Garcia-Lawson filed a Notice of Attorney Misconduct, Dec. 12, 2006, and a Motion to Dismiss as Sanction for Fraud Upon the Court dated Feb. 27, 2008, targeting Attorney Garland and Earl Mallory of the Mallory Law Group. She apparently wanted them removed from the case, just as she had recused Judge Colbath, attempted to recuse Judge Oftedal, and removed several of her own lawyers.

attorneys fees, costs and expenses associated with this Motion, as well as attorneys fees, costs and expenses incurred as a direct result of the Rule 11 violations. Attorney Garland further requests all other relief deemed warranted by this Court.

This Motion shall not be filed with the Court until more than 21 days after service on Plaintiff, unless Plaintiff's claims are withdrawn.

This Motion was first served by certified mail on Plaintiff more than 21 days prior to being filed with this Court, at the address below, on the 17th day of November, 2008.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2008, the foregoing Motion For Rule 11 Sanctions was served by Certified First-Class U.S. Mail delivery to Kathy Ann Garcia-Lawson, Pro Se, 2620 Natures Way, Palm Beach Gardens, FL 33410; George Waas, Special Counsel, Office of the Attorney General, PL-01 The Capitol, Tallahassee, Florida 32399-1050.

**BUSH, AUGSPURGER & LYNCH, P.A.**

s/Patricia A. Lynch
PATRICIA A. LYNCH, ESQ.
FL Bar No. 512761
RICHARD B. BUSH, ESQ.
FL Bar No. 0294152
411 E. Jackson Street
Orlando, Florida 32801
(407) 422-5319
(407) 849-1821 - FAX
Attorneys for Defendant Natalie M.
        Garland, of the Mallory Law Group

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct of the foregoing Defendant Natalie M. Garland's Motion for Rule 11 Sanctions Incorporated Memorandum in Support was electronically filed on this 9th day of December, 2008 with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   George Waas, Esq., Special Counsel, Office of the Attorney General, PL-01 The Capitol, Tallahassee, Florida 32399-1050; and by regular U.S. Mail delivery to Kathy Ann Garcia-Lawson, Pro Se, 2620 Natures Way, Palm Beach Gardens, FL  33410.

**BUSH, AUGSPURGER & LYNCH, P.A.**

s/Patricia A. Lynch
PATRICIA A. LYNCH, ESQ.
FL Bar No. 512761
RICHARD B. BUSH, ESQ.
FL Bar No. 0294152
411 E. Jackson Street
Orlando, Florida 32801
(407) 422-5319
(407) 849-1821 - FAX
Attorneys for Defendant Natalie M.
        Garland, of the Mallory Law Group

8

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 502005DR001269XXXXNB
FAMILY DIVISION FH

IN RE: THE MARRIAGE OF

JEFFREY P. LAWSON,

      Petitioner/Husband,

JUL 2 9 2008

and

KATHY ANN GARCIA-LAWSON,

      Respondent/Wife.

_____/

### ORDER RESETTING NON-JURY TRIAL

THIS MATTER came before the Court for a hearing on July 28, 2008. The Court having heard argument of counsel and being otherwise fully advised in the premises granted the Respondent/Wife's Emergency Motion to Continue Trial. Accordingly, it is hereby:

ORDERED AND ADJUDGED that the trial scheduled for Wednesday, July 30, 2008 has been continued. The Non-Jury trial is reset for **MONDAY, AUGUST 11, 2008 at 9:30 A.M.** before the Honorable Richard L. Oftedal in courtroom 4, at the North County Courthouse, 3188 PGA Blvd., Palm Beach Gardens, Florida. **One (1) day has been reserved for this trial.** **APPEARANCE OF ALL PRO SE LITIGANTS AND/OR ATTORNEY(S) OF RECORD IS MANDATORY TO ATTEND THIS SCHEDULE HEARING. FAILURE TO DO SO MAY RESULT IN SANCTIONS BEING IMPOSED.**

DONE and ORDERED in Chambers, Palm Beach County, Palm Beach Gardens, Florida, this 28 day of July, 2008.

SIGNED AND DATED

JUL 2 8 2008

RICHARD L. OFTEDAL

    RICHARD L. OFTEDAL
    Circuit Judge



EXHIBIT
1

Page 2
Case No. 2005DR001269XXXXNB
Lawson v. Lawson

Copies furnished:

Natalie M. Garland, Esq.
1907 Commerce Lane
Suite 104
Jupiter, Florida  33468

Inger M. Garcia, Esq.
3389 Sheridan Street
Suite 546
Hollywood, Florida  33021

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

In Re:
KATHY ANN GARCIA-LAWSON                Case Number: 08-21265-PG
    Debtor.                              Chapter: 13

**EMERGENCY MOTION FOR ORDER TO SHOW CAUSE &**
**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Comes Now the Debtor, Kathy Ann Garcia-Lawson, with this Motion for Order to

Show Cause and Application for Temporary Restraining Order against (1) Judge Richard

Oftedal, Circuit Judge, Palm Beach County, Florida, (2) Earl Mallory, Attorney-at-Law,

and (3) Natalie Garland, Attorney-at-Law, for taking actions clearly in violation of the

Automatic Stay entered by this court without first applying to this Court either for relief

from the stay or for exemption from that stay.

On or about Thursday, August 13, 2008, Judge Richard Oftedal set a hearing on

the Motion filed by Natalie Garland to Bifurcate Debtor's divorce proceedings---a stay of

which was only one of the urgent reasons why Debtor filed her Chapter 13 petition in this

case (See Exhibits A: Notice of Hearing & B: Motion to Bifurcate).

The concept of a bifurcated "pure" divorce decree, free of any financial

implications, is unknown in the State of Florida, pursuant to Florida Statutes §§ 61.075:

> Equitable distribution of marital assets and liabilities
> (1)      *In a proceeding for dissolution of marriage*, in addition to all other
> remedies available to a court to do equity between the parties, or in a
> proceeding for disposition of assets following a dissolution of marriage by a
> court which lacked jurisdiction over the absent spouse or lacked jurisdiction
> to dispose of the assets, the court *shall set apart to each spouse that*
> *spouse's nonmarital assets and liabilities*, and in distributing the marital
> assets and liabilities between the parties, the court must begin with the
> premise that the distribution should be equal, unless there is a justification
> for an unequal distribution based on all relevant factors, including:
> *      *      *      *      *      *      *      *      *      *      *

**EXHIBIT**
**2**

Cited and explained by: *In re A. Edward McGINTY, Debtor, 119 B.R. 290; 1990 Bankr. LEXIS 2040*, (U.S. Bktcy. Ct., M.D.Fla. 1990)(italic and bold emphasis added by debtor herein), see especially:

> The legal effect of a final judgment entered in a dissolution of marriage proceeding is specifically dealt with in *Fla. Stat. 61.075(2)* which provides that:
>
> The judgment distributing assets shall have the effect of a duly executed instrument of conveyance, transfer, release, or acquisition which is recorded in the county where the property is located when the judgment or a certified copy of the judgment is recorded in the official records of the county in which the property is located.

*Id.* at 294, and in addition:

> One must concede that *Fla. Stat. 61.075*, viewed in isolation, purports to operate as a self-executing decree and in Paragraph 2 purports to vest ownership without any further action by the court or by the party to whom the property was awarded in order to obtain a transfer of ownership and the judgment [of divorce/dissolution] itself is sufficient to effect the transfer of ownership when a certified copy of the judgment is recorded.

*Id.* at 295, and as a result:

> There is hardly any doubt that any action to impose a personal liability or to collect a pre-petition claim against a Debtor is prohibited by the **automatic stay** and those who knowingly and willfully violate the **automatic stay** may be liable for sanctions imposed pursuant to *Section 362(h) of the Bankruptcy Code*. In the case of *Amonte v. Amonte, 17 Mass. App. Ct. 621, 461 N.E.2d 826 (1984)*, the Court of Appeals held that the wife, notwithstanding of her awareness of the pendency of the husband's **bankruptcy,** proceeded with a hearing post-petition and obtained a final judgment by default against the husband. On appeal, Justice Greaney, speaking for the Court, held that the **automatic stay** imposed by the **Bankruptcy** Code applies without regard to whether the underlying debt is or is not dischargeable and any proceeding in violation of the **automatic stay** is void.

*Id.* at 296.

Under the holding of *McGinty*, **correctly construing Florida Statutes §61.075,**

there is quite simply NO SUCH THING as a divorce which does NOT affect or have an

impact on the estate of BOTH divorcing spouses. A decree of divorce, even if ostensibly bifurcated from division of property, has so many consequences regarding insurance benefits, the identity of the chief obligor of certain debts such as the marital family home mortgage, and every aspect of the debtor's family life, that it is quite simply inconceivable that Judge Oftedal would be capable of entering a divorce decree WITHOUT effecting the debtor's estate, potentially in calamitous ways. For one thing, it is currently impossible readily to distinguish the DEBTOR'S share of the MARITAL estate from the HUSBAND'S share of the Marital Estate, if a lawful divorce would be entered---thus, to enter a decree of divorce BLINDLY, without accounting for such contractual details as the effect of divorce on the debtor's (and her daughter's) insurance coverage and homeownership, as well as the allocation of spousal benefits from Husband's employment, would be not only unfair but impossible and therefore too ludicrous even to consider.

### Judge Oftedal acknowledged the Automatic Stay In open Court on August 11, 2008

Judge Oftedal & Attorney Earl Mallory (standing in for Attorney Natalie Garland) discussed the conclusive effects of the automatic stay in Open Court in the 15th Circuit Court in and for Palm Beach County on Monday, August 11, 2008. They recognized at that time that there could be no further action in the divorce court without a relief from stay granted by the Bankruptcy Court. Therefore, Judge Oftedal, Earl Mallory, and Natalie Garland should all, individually and together, jointly and severally, be ordered to show cause why they should not be held liable for contempt of court (or otherwise sanctioned according to 11 U.S.C. §362(h)) even for scheduling the hearing now set for Wednesday, August 20, 2008, in Palm Beach County Circuit Court without first applying

to this court for leave to do so (or for general relief from the bankruptcy stay).   See,

generally, *In re Sutton*, 250 B.R. 771 (U.S.Bktcy. Ct. S.D. Fla. [Miami] 2000):

> *HN7*Section 362(h) of the **Bankruptcy** Code provides that "an individual
> injured by any willful violation of [the § 362 **stay**] shall recover actual
> damages, including costs and attorneys' fees, and in appropriate
> circumstances, may recover punitive damages." *HN8*The power of a
> **bankruptcy** court to impose sanctions under this section is well established.
> *See In re Rush-Hampton Industries, Inc.*, 98 F.3d 614 (11th Cir. 1996).
> The Court finds that Rodriguez willfully violated the **automatic stay** by
> seeking and obtaining the March 23rd state court Order Granting Motion to
> Compel without first obtaining relief from the **automatic stay**. Even if Ms.
> Rodriguez was confused about her rights and the applicability of the
> **automatic stay**, *HN9*good faith is not a defense to an award of damages or
> attorneys fees in a § 362(h) motion. *See In re Weisberg*, 218 B.R. at 753.
> The message to practitioners should be clear.
> *HN10*If you proceed against a debtor in family court without obtaining **stay**
> relief or a **bankruptcy** court order finding that the proposed action falls
> within an exception to the **stay**, you do so at your own risk. *See In re
> Daugherty*, 117 B.R. 515, 517 (Bankr. D. Neb. 1990) [**8] ("If there is any
> doubt as to whether Section 362(b)(2) applies, the prudent practitioner
> should seek relief from the **automatic stay** prior to filing an action in state
> court"). Neither a mistaken albeit, good faith, belief as to the applicability of
> the **stay**, nor a decision of the state court judge to proceed, will shield a
> creditor from sanctions [*776] if the creditor's actions violate the **automatic
> stay**.

*In Re Sutton, Id.*, at 775-776.

Accordingly, this Court should consider imposing monetary sanctions for

contempt, including punitive damages, on Earl Mallory & Natalie Garland for filing their

motion (Exhibit B), especially since Judge Oftedal had previously denied the bifurcation

motion (properly as required by Florida law) at least twice in this case (see Exhibits C &

D). Punitive sanctions are proper for willful and malicious violation of the automatic

stay:

> Even a cursory analysis of **proceeding** to consider a violation of the
> **automatic stay** indicates without any doubt that the **automatic stay**
> provision of § 362 plays a central role in the administration of the
> **Bankruptcy** Code and is clearly a core **proceeding**. Thus, by virtue of the
> general reference granted pursuant to § 157 of BAFJA, there is no doubt

*Motion for OSC and TRO in re Motion to Bifurcate in State Court*                    4

that the **Bankruptcy** judge has the authority to enter a final dispositive order on a motion which seeks imposition of sanctions for violation of the **automatic stay**. The civil contempt orders are by their very nature either remedial or coercive. *Shillitani v. United States,* 384 U.S. 364, 16 L. Ed. 2d 622, 86 S. Ct. 1531 (1966).

In addition, an amendment to § 362(h) now provides that an individual who is injured as a result of a violation of the **automatic stay** may recover actual damages including cost and attorney fees and even, in appropriate circumstances, recover punitive damages. To conclude that to enforce this provision of the Code is not a core matter, but a related matter, would be to disregard the very nature of the matter under consideration.

This is so because, unlike the matter involved in *Marathon* which was the attempt to enforce in the **bankruptcy** court a state law created right independent of and antecedent to the reorganization petition, the contempt did not occur independent of or antecedent to the debtor's **bankruptcy**. The right sought to be enforced in the present instance is not a state law created right, which was involved in *Marathon*, but it is an indispensable part of the **bankruptcy** process to uphold a specific provision of the Code which is uniformly recognized to be one of the most fundamental debtor protections provided by **bankruptcy** laws. H. R. No. 95-595, 95th Cong., 1st Session, 1977, discussing 11 U.S.C. § 362.

It is quite evident and obvious that the only way the **bankruptcy** court can put teeth into its power to enforce the **automatic stay** is through the threat of contempt **proceeding**. The court must have a way to enforce its own orders and a contempt order is an appropriate way to carry out the purpose of the **automatic stay** provision of the Code. *In re Johns Manville Corp.,* 26 B.R. 919 (Bankr. S.D. N.Y. 1983); cf. *Fernos-Lopez v. U.S.D.C. District of Puerto Rico,* 599 F.2d 1087 (1st Cir. 1979). In the case of *Better Homes of Virginia, Inc. v. Budget Service Company,* 52 Bankr. 426, 13 B.C.D. 454 (E.D. Vir. 1985), the court upheld the actual damage and attorneys fees and punitive damage award in favor of a debtor, noting that these sanctions were allowed by § 362(h) and were civil in nature. Thus, based on the nature of the **proceeding** and, especially, on the provisions of § 362(h), this Court is satisfied that this Court has the power to cite a person who violated the **automatic stay** for contempt and impose an appropriate sanction to indemnify the debtor for injury suffered as a result of a willful violation of the **automatic stay** in appropriate circumstances.

**In re Crum, 55 B.R. 455, 458-9 (U.S. Bktcy. Ct. M.D. Fla. 1985).**

## IN THE ALTERNATIVE TO THE OSC, DEBTOR REQUESTS A TRO

If this Court should hesitate to issue an Order to Show Cause, on the grounds that

the automatic stay is insufficiently precise or detailed to support holding a sitting Judge

*Motion for OSC and TRO in re Motion to Bifurcate in State Court*

of the 15th Judicial Circuit in and for Palm Beach County in contempt, despite of his own "law of the case" (repeatedly refusing Mallory & Garland's Motion to bifurcate proceedings) and announcing the effect of the Automatic Stay in Open Court on August 11, 2008, 2-3 days prior to setting a hearing on the third (or 4th?) Motion to Bifurcate these proceedings, Debtor Kathy Ann Garcia-Lawson invokes Title 11 U.S.CC. §105 and Bankruptcy Rule 7065 as grounds for entry of a TRO against the hearing scheduled for 8:30 a.m. on Wednesday, August 20, 2008, from being held at all:

§ 105. Power of court
(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Likewise:

Federal Bankruptcy Rule 7065. Injunctions

Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a *temporary restraining order* or *preliminary injunction may be issued on* application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c).

Aside from the automatic stay, Debtor Kathy Ann Garcia-Lawson alleges as separate and independent grounds for entry of a Temporary Restraining Order that 28 U.S.C. §2283 and 42 U.S.C. §1983 both apply to the necessity of an injunction against further proceedings in this case because debtor filed a Federal Lawsuit challenging the state-law basis for the divorce action which Natalie Garland and Earl Mallory are prosecuting against her on behalf of her (alleged) psychologically/emotionally impaired husband Jeffrey Lawson, to wit: Civil Action No.: 9:2008cv80865, pending before Judge Kenneth A. Marra in this United States District Court for the Southern District of Florida.

The so-called "anti-injunction act" 28 U.S.C. §2283 provides that a U.S. District Court (including a bankruptcy court) may enjoin state proceedings "where necessary in aid of its jurisdiction," while the venerable case of *Mitchum v. Foster* holds that injunctions against state proceedings conducted in violation of federally secured and guaranteed civil rights (including but not limited to due process of law) are "expressly authorized" by 42 U.S.C. §1983. 407 U.S. 225, 92 S.Ct. 2151 (1972). Even the *Rooker-Feldman* gives way when a party has had no meaningful opportunity to raise federal issues in state court. Specifically, the Eleventh Circuit has recognized an important limitation to the *Rooker-Feldman* doctrine when the plaintiff has no "reasonable opportunity to raise his federal claim in state proceedings." *See Wood v. Orange County*, **715 F.2d 1543, 1547 (11th Cir. 1983)**, *cert. denied*, 467 U.S. 1210, 81 L. Ed. 2d 355, 104 S. Ct. 2398 (1984); *see also Biddulph v. Mortham*, **89 F.3d 1491, 1495, n. 1 (11th Cir. 1996)**. In such an instance, the federal claim is not considered to be "inextricably intertwined" with the state court's judgment. *Id.* Furthermore, the Sixth Circuit recognizes an exception to *Rooker-Feldman* when the state court judgment was "procured through fraud, deception, accident, or mistake...." *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186, 189 (6th Cir. 1986).

Debtor Kathy Ann Garcia-Lawson has alleged that the state court action over which Judge Oftedal presides, and in which Natalie Garland and Earl Mallory are in effect acting as "prosecutors", has been conducted dependent on repeated fraudulent statements made by these attorneys Garland & Mallory. (Exhibit E: Motion to Dismiss as a Sanction for Fraud Upon the Court, [with the **first page only** of the 60-page motion attached as Exhibit E] filed in 15th Judicial Circuit Action). Furthermore, Kathy Ann

Garcia-Lawson has sued them for damages for fraud on and conversion of the marital estate (which has not yet been divided so that the full extent of debtors interest is even KNOWN, much less has it been determined what the impact of the final decree of divorce may be on so many interests which are (by statutory or contractual law) governed by the marital status of the debtor and her husband.

IN CONCLUSION, Debtor Kathy Ann Garcia-Lawson can show (1) likelihood of success on the merits of her request for a TRO against holding a hearing on the bifurcation of her divorce proceedings (Exhibits A & B) on grounds of both Federal Bankruptcy (Automatic Stay) and Florida family law (dissolution proceedings only bifurcated in exceptional circumstances, such as imminent death), (2) the existence of inequitable fraud on the part of Garland & Mallory in those dissolution proceedings proceedings (Exhibit E), and (3) the Law of the Case AGAINST bifurcation, (Exhibits C & D, prior decisions against bifurcation. Kathy Ann Garcia-Lawson is entitled to the entry of a TRO pursuant to Bankruptcy Rule 7065 or under the Court's general power under 11 U.S.C. §105. The balancing of the equities is clearly in Kathy Ann Garcia-Lawson's favor (there is no imaginable cost to the OSC and/or TRO Respondents Oftedal, Mallory, & Garland from granting this injunction, and accordingly, no bond should be required, while bifurcating the divorce action could lead to the premature and improper dissolution and dissipation [i.e. disappearance] of a large portion of the Debtor's estate by operation of law if a divorce were to be improperly and improvidently granted---without specific provisions for just & right property division). Finally, public policy favors the maintenance of the debtor's integrity and status quo of her estate during

the Automatic Stay---that is, in fact, the *ne plus ultra* purpose and *raison d'etre* of the automatic stay as provided by 11 U.S.C. §362.

WHEREFORE, this Court should either grant and issue an ORDER TO SHOW CAUSE by Respondents Judge Oftedal and Attorneys Mallory and Garland should not be monetarily sanctioned (with punitive damages) and/or held in criminal contempt for scheduling a hearing on bifurcation within 2-3 days after the announcement of the automatic stay in the 15th Judicial Circuit Court and Judge Oftedal's acknowledgement of the existence of this stay, OR in the alternative, to prevent further injury, issue an order of civil contempt and/or an injunction (Ex-parte TRO) against the Respondents from holding a hearing on their Motion to Bifurcate.

Debtor believes it is obvious, from the very recent history of these proceedings, that it would have been futile to confer with Oftedal, Mallory, and Garland prior to filing this application for a TRO, and therefore both the requirement to confer prior to entry of an ex-parte order granting this TRO or civil contempt AND the requirement of the posting of any bond on debtor's part (which would obviously further injure the debtor's estate) should both be waived.

Finally, if for any reason this Court should wish to schedule a hearing in this matter, Debtor refers the Court to the history set forth in Exhibit F, namely, the history of fraudulent attacks and threats of malicious prosecution on the part of Earl Mallory against the Debtor, and Earl Mallory should be required to appear in this Court only by and through counsel to prevent further threats of bodily injury against the Debtor (See Exhibit F---Debtor's narrative of August 11, 2006, mediation at the office of Earl Mallory).

Respectfully submitted,

August 18, 2008

*Kathy C. Garcia Lawson*

Kathy Ann Garcia-Lawson, Debtor *pro se*

*Motion for OSC and TRO in re Motion to Bifurcate in State Court*          10

C500781

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

IN RE: The Marriage of

CASE NO.50 2005DR001269XXXXNB
Family Division - FH

JEFFREY P. LAWSON,

     Petitioner/Husband,

and

KATHY ANN GARCIA-LAWSON,

     Respondent/Wife.

_____/

## NOTICE OF HEARING
(UMC Calendar)

TO:   Inger M. Garcia, Esq.
     3389 Sheridan Street
     Suite 546
     Hollywood, FL 33021

     YOU ARE HEREBY NOTIFIED that the undersigned has called up for
hearing the following:

     DATE:    **Wednesday, August 20, 2008**

     TIME:    **8:30 a.m.**

     JUDGE:   **Honorable Richard L. Oftedal**

     PLACE:   **North County Courthouse**
               **3188 PGA Boulevard**
               **Palm Beach Gardens, FL 33410**

     SPECIFIC MATTERS TO BE HEARD:

**Petitioner/Husband's Renewed Motion for Bifurcation Based Upon
Respondent/Wife's Filing of Bankruptcy Petition Under Chapter
13 of the United States Bankruptcy Code**

     THE CLERK WILL PLEASE PLACE SAME ON THE CALENDAR.

     I HEREBY CERTIFY that a true and correct copy of the foregoing
was furnished, via facsimile and regular mail to the above-named
addressee this 13th day of August, 2008.

Lawson v. Lawson                          Case Nº 502005DR001269XXXXMB
Notice of Hearing                                                Page 2

    (An agreement cannot be reached prior to this hearing based upon prior contact with the opposing party.)

MALLORY LAW GROUP
1907 Commerce Lane
Suite 104
P.O. Box 8858
Jupiter, Florida 33468
Telephone: (561) 743-3708
Facsimile: (561) 743-3729

BY: _____
      NATALIE M. GARLAND
      Florida Bar No. 651281
      For the Firm

    If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the A.D.A. Coordinator in the Administrative Office of the Court, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401, Telephone 561-355-2431, within two (2) working days of your receipt of this notice; if you are hearing or voice impaired, call 1-800-955-8771.

SPANISH:

    Si Ud. es una persona incapacitada que necesita de un servicio especial para participar en este proceso, Ud. tiene derecho a que le provean cierta ayuda sin costo alguno. Por favor pongase en contacto con el Coordinador de la Oficina Administrativa de la Corte ADA, situada en el 205 N. Dixie Highway, Oficina 5.2500, West Palm Beach, Florida 33401, teléfono (561) 355-2431, dentro de los dos (2) próximos dias hábiles después de recibir esta notificación; si tiene incapacidad de oir ó hablar llame al 1-800-955-8771.

CREOLE:

    Si ou sè yon moun ki Infim, ki bèzwan ninpòt akomedasyon pou ka patisipé nan pwosè sa-a, ou gen dwa, san'l pa kouté'w anyin, pou yo ba'w kèk sèvis. Tanpri kontakté koòdinatè ADA ya nan Biro Administratif Tribinal nan cité Palm Beach la, ki nan 205 North Dixie Highway, Cham 5.2500, West Palm Beach, Florida 33401, ninéro téléfonn-nan sé (561) 355-2431, rèlè dé (2) jou dé lè ou résévwa notis; si ou bébé ou byen soud rélé 1-800-955-8771 (TDD), 1-800-955-8771.

FRENCH:

    Si vous êtes infirme, et en besoin de n'importe accommodation pour pouvoir participer á ces procédures, vous pouvez gratuitement recevoir, certains services. S'il-vous-plait contactez le coordinateur du Bureau Administratif du Tribunal de Palm Beach, située à 205 North Dixie Highway, Chambre 5.2500, West Palm Beach, Florida 33401, numéro de téléphone (561) 355-2431 durant deux (2) jours suivant la réception de note; si vous êtes muets ou sourds, appelez 1-800-955-8771.

H:\CLIENTS\FAMILY\Lawson\Pleadings\n-hearing25.wpd

# MALLORY LAW GROUP

ATTORNEYS AT LAW
1907 COMMERCE LANE - SUITE 104
P.O. BOX 8858
JUPITER, FLORIDA 33468-8858
TELEPHONE (561) 743-3708
FACSIMILE (561) 743-3729

EARL K. MALLORY*
CHARLES R. BONING
NATALIE M. GARLAND**
K. JOY MATTINGLY
* ALSO ADMITTED TO PRACTICE IN COLORADO
** ALSO ADMITTED TO PRACTICE IN PENNSYLVANIA

ANNELIESE M. KOEHLER-GARDNER, ACP
PARALEGAL

August 13, 2008

## VIA FACSIMILE #624-6594

Honorable Richard L. Oftedal
North County Courthouse
3188 PGA Blvd.
Palm Beach Gardens, FL 33410

  Re: **Lawson v. Lawson**
    **Case No. 502005DR001269XXXXNB**

Dear Judge Oftedal:

  Enclosed please find a copy of Petitioner/Husband's Renewed Motion for Bifurcation Based Upon Respondent/Wife's Filing of Bankruptcy Petition Under Chapter 13 of the United States Bankruptcy Code that will be presented to the Court on Wednesday, August 20, 2008 at UMC at 8:30 a.m. as well as the corresponding Notice of Hearing.

  Also, please be advised that, based upon the averments made in this Motion, it is the undersigned's position that this Dissolution matter is <u>not</u> completely stayed.

  I would therefore ask that the Court also issue its own Order from the brief hearing that was held in this matter on Monday, August 11, 2008.

  As always, please call with any questions.

       Very truly yours,

       NATALIE M. GARLAND
       nmgmlg@bellsouth.net

NMG/mb
Enclosures
cc: Inger Garcia, Esq. (w/encl.)

0500781

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.50 2005DR001269XXXXNB

IN RE: The Marriage of

Family Law Division - FH

JEFFREY P. LAWSON,

　　　Petitioner/Husband,
and

KATHY ANN GARCIA-LAWSON,

　　　Respondent/Wife.
_____/

### PETITIONER/HUSBAND'S RENEWED MOTION FOR BIFURCATION BASED UPON RESPONDENT/WIFE'S FILING OF BANKRUPTCY PETITION UNDER CHAPTER 13 OF THE UNITED STATES BANKRUPTCY CODE

COMES NOW, the Petitioner/Husband, JEFFREY P. LAWSON, by and through his undersigned counsel and files this, his Renewed Motion for Bifurcation Based Upon Respondent/Wife's Filing of Bankruptcy Petition Under Chapter 13 of the United States Bankruptcy Code and in support thereof, would show:

1.　Petitioner/Husband, Jeffrey P. Lawson, (hereinafter referred to as "Husband") filed his Petition for Dissolution of Marriage on February 1, 2005.

2.　The Respondent/Wife, Kathy Ann Garcia, (hereinafter referred to as "Wife") filed her Answer and Counter-Petition on March 28, 2005.

3.　Fla. R. Jud. Admin. 2.250(a)(1)(C) establishes a presumptively reasonable period of time for the completion of a contested Domestic Relations case as being 180 days from filing to final disposition and further indicates that most cases should be completed within that time period. Id.

4.　At the time of the preparation of this motion, this

Lawson v. Lawson                                    Case Nº 502005DR001269XXXXMB
Petitioner/Husband's Renewed Motion for Bifurcation                    Page 2

Dissolution matter will have been pending for over three and one half (3 1/2) years which <u>unreasonably</u> exceeds the time period established by Fla. R. Jud. Admin. 2.250(a)(1)(C).

5.    Throughout this Dissolution matter, Wife has continued to engage in every delay tactic possible to prevent this matter from proceeding to trial and/or final hearing.

6.    During the pendency of this Dissolution matter, Wife has already engaged the legal services of three (3) separate attorneys, the last two of which she has terminated herself voluntarily. When Wife did terminate the services of her last two attorneys, she did so "at the eleventh hour" in a futile attempt to prevent this matter from moving forward to its conclusion.

7.    This matter has already been set for trial on four separate occasions, most recently on August 11, 2008.

8.    Wife's most recent delay tactic was to file bankruptcy on the last business day before the scheduled trial, specifically on August 8, 2008.

9.    Additionally, in serving notice of the filing of the bankruptcy matter, Wife's counsel engaged in "trial by ambush" tactics. Specifically, Wife's counsel waited until 11:59 p.m. on the eve of trial (i.e. Sunday, August 10, 2008 at one minute to midnight) to serve the undersigned via facsimile with her "<u>Suggestion of Bankruptcy: Notice of Commencement of Case Under Chapter 13</u>".[1]

---

[1] Wife's counsel also served this pleading to the undersigned via regular mail, sent on August 8, 2008, which of course did not reach her office until the day of the scheduled trial.

10.   Under these circumstances, the undersigned was not even aware of Wife's filing of her bankruptcy matter until notified by her office, on the morning of the scheduled trial, as she was in transit to the Courthouse.  Accordingly, the undersigned had no ability to properly research the effect of Wife's bankruptcy filing on the pendency of this Dissolution matter.

11.   On the day of the scheduled trial in this matter (August 11, 2008) Wife, through her counsel, suggested that the filing of the bankruptcy matter acts as an automatic stay on all pending cases, including this Dissolution of Marriage matter.

12.   However, pursuant to 11 USC $362(b)(2)(A)(iv), the bankruptcy petition does <u>not</u> operate as a stay :

"...of the commencement or continuation of a civil action..for the dissolution of marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate".

13.   Therefore, even although the equitable distribution portion of this matter may be currently stayed, this Court is able to proceed with the issue of Dissolution of Marriage.

14.   Based upon Wife's actions of initiating her bankruptcy, and the indefinite period of time which the bankruptcy will now delay resolution of the economic claims in this matter, bifurcation is warranted, if not mandated, in this case.

15.   Further exacerbating the need for bifurcation, Wife has also engaged in other egregious and dilatory delay tactics in that she has filed additional lawsuits naming the undersigned as well as

Lawson v. Lawson                                      Case Nº 502005DR001269XXXXMB
Petitioner/Husband's Renewed Motion for Bifurcation                        Page 4

the current Judge in this matter as Defendants. Specifically, Wife
has initiated <u>Kathy Ann Garcia-Lawson v. Jeffrey P. Lawson, et al.</u>
in the Second Judicial Circuit, in and for Leon County Florida,
Case No. 37 2008 CA 002304 and <u>Kathy Ann Garcia-Lawson v. Natalie
M. Garland, et al.</u> in the United States District Court, Southern
District of Florida, Case No. CIV-08-80865.

16. Wife's ongoing actions are egregious, dilatory and
vexatious. Wife has verbally made it very clear in this
Dissolution matter, as well as in her written pleadings, that she
has no intention of voluntarily taking this matter to its
conclusion.

17. As Wife's sole objective is to prevent the Judgment of
Dissolution of Marriage from being granted in this case, Wife has
no incentive to cooperate in moving forward with resolution of the
economic claims in this case, unless and until, the Judgment of
Dissolution of Marriage is granted.

18. The courts have recognized that there are "exceptional
circumstances in which the trial Court should exercise its
discretion to bifurcate the case." See <u>Glazer v. Glazer</u>, 394 So.2d
140 (Fla 4th DCA 1981) citing <u>Behar v. Southeast Banks Trust
Company</u>, 374 So.2d 572 (Fla 3rd DCA 1979) and <u>Hyman v. Hyman</u>, 310
So.2d 378 (Fla 2nd DCA 1975).

19. Clearly, the circumstances in this case are quite
exceptional in that, as stated above, until the Judgment of
Dissolution of Marriage is granted in this case, Wife will continue
to engage in her egregious actions in order to prevent this matter

Lawson v. Lawson                                    Case № 502005DR001269XXXXMB
Petitioner/Husband's Renewed Motion for Bifurcation              Page 5

from reaching its conclusion.

20.   Accordingly, Husband is requesting that this matter be
bifurcated pursuant to the authority of Fla. Fam. L. R. P. 12.270
and Fla. R. Civ. P. 1.270(b).

WHEREFORE, Petitioner/Husband, JEFFREY P. LAWSON, respectfully
requests this Court grant his Motion for Bifurcation, immediately
schedule a hearing on the issue of Dissolution of Marriage, enter
a Judgment for Dissolution of Marriage, and any further relief that
this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing
was delivered via facsimile and regular mail to Inger Garcia, Esq.,
3389 Sheridan Street, Suite 546, Hollywood, Florida 33021 on this
13th day of August, 2008.

                          MALLORY LAW GROUP
                          1907 Commerce Lane
                          Suite 104
                          P.O. Box 8858
                          Jupiter, Florida 33468
                          Telephone: (561) 743-3708
                          Facsimile: (561) 743-3729

                     BY:  _____
                          NATALIE M. GARLAND
                          Florida Bar No. 651281
                          For the Firm

H:\CLIENTS\FAMILY\Lawson\Pleadings\r-renewedbifurcation.wpd

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT OF
FLORIDA, IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO. 502005DR001269XXXXNB
FAMILY DIVISION FH

IN RE: THE MARRIAGE OF

JEFFREY P. LAWSON,                                    MAR 1 9 2005

     Petitioner/Husband,

and

KATHY ANN GARCIA-LAWSON,

     Respondent/Wife.
                         /

## ORDER DENYING HUSBAND'S MOTION FOR BIFURCATION

THIS MATTER came before the court for a hearing on February 29, 2008 on Husband's Motion to Bifurcate. The Motion seeks utilization of a split procedure, by which Husband might obtain a final dissolution with a reservation of jurisdiction to determine property and child-related issues. Husband argues that he has been continually frustrated in his efforts to bring this matter to trial as Wife has successfully and intentionally delayed these proceedings by among other things, repeatedly changing attorneys or filing disqualification motions directed at the trial judge. As a result, he claims that this case has languished on the docket for in excess of three years. On the eve of the hearing on the Motion, Wife's current lawyer filed a number of pleadings wherein she has sought further amendments to the pleadings and has moved to dismiss Husband's petition on the grounds of fraud. She has also moved to declare Florida's No-Fault Law unconstitutional.

The use of the split procedure sought by Husband in this dissolution action is proper only "when it is clearly necessary for the best interests of the parties or their children." Claughton v. Claughton, 393 So.2d 1061, 1062 (Fla. 1980).

Husband claims that unless this case is bifurcated, Wife will continue to delay the case, resulting in unnecessary legal fees that have to date totaled over $100,000.00. This court has previously lamented that Husband should not have to place his life on hold for in excess of three years to get his day in court. His frustration in obtaining closure in this case is, therefore, understandable. In arguing against the motion, however, Wife cited to several instances in which she could be severely prejudiced in the event a final judgment of dissolution was prematurely entered, including her loss of health insurance benefits and other benefits associated with Husband's employment that were contingent on the parties remaining married. Nor does the court find that bifurcation would serve any benefit to the minor child of the marriage.

Accordingly, it is hereby ORDERED AND ADJUDGED that:

1. Husband's Motion to Bifurcate is DENIED.

2. The parties are hereby directed to confer within 10 days of the date of this order to schedule mediation. Unless continued by the court, mediation shall take place within 30 days of this order.

3. Any outstanding motions, including Wife's motions to amend, shall be promptly set on the court's motion calendar for hearing.

4. Once this case is again at issue, the court, on its own motion or upon motion by either party, will set this case for final hearing on an expedited basis.

DONE AND ORDERED in Chambers in Palm Beach Gardens, Florida, this 17th day of March, 2008.

Richard L. Oftedal
Circuit Judge

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE No. 50 2005DR001269XXXXNB

IN RE:  The Marriage of

JEFFREY P. LAWSON,
            Plaintiff/Husband,

and

KATHY ANN GARCIA-LAWSON
            Defendant/Wife.

FAMILY DIVISION FH

**COPY**
ORIGINAL RECEIVED FOR FILING

FEB 2 9 2008

CLERK & COMPTROLLER
NORTH COUNTY
**CIVIL DIVISION**

## NOTICE OF FILING EXHIBITS TO MOTION TO DISMISS AS A SANCTION FOR FRAUD UPON THE COURT

The Defendant/Wife, Kathy Ann Garcia-Lawson, by and through the undersigned counsel, files her Exhibits to the Motion to Dismiss as a Sanction for Fraud Upon the Court.

## CERTIFICATE OF SERVICE.

I HEREBY CERTIFY THAT a true and correct copy has been furnished by U.S. Mail this 29th day of February, 2008, to the distribution list below.

The Law Office of Inger M. Garcia

Inger M. Garcia Esquire

533 NE 3rd Avenue
Sole' Building Ground Floor, Ste 2
Ft. Lauderdale, Florida 33301
Phone: 954-894-9962

1

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

In Re:  The Marriage of

JEFFREY P. LAWSON,
PLAINTIFF/HUSBAND,

Case No.: 50-2005DR001269XXXXNB

**Motion to Dismiss as a Sanction
For Fraud Upon The Court**

and

KATHY ANN GARCIA-LAWSON,
DEFENDANT/WIFE

## MOTION TO DISMISS AS A SANCTION FOR FRAUD UPON THE COURT

DEFENDANT and Wife, KATHY ANN GARCIA-LAWSON, by and through the undersigned counsel, files this Motion on behalf of herself and their minor child (hereinafter, "Child"), a 13-year old daughter, in conformance with Florida Rules of Civil Procedure, Rule 1.540, et al, and Florida Rules of Family Law Procedure, Rule 12.540, et al, and in support thereof states the following:

1. Plaintiff/Husband, Jeffrey P. Lawson (hereinafter, "Husband") and possibly his legal counsel, Natalie M. Garland (hereinafter, "Garland"), have knowingly and willfully filed materially false and misleading statements throughout the duration of this case, and at the same time concealed material facts that would be detrimental to their mutually-beneficial calculated scheme, whereby:  1) Husband benefited from Garland's aggressive pursuit at all costs, including malfeasance and fraud, of his lawsuit and, 2) Garland benefited by Husband's eagerness to pay for her services in order to protect himself from confronting his own deep-seated psychological problems. Together they have colluded in weaving a web of deceit and perpetuating a pattern of propaganda-tactics for the express purpose of impugning Wife in the eyes of the judge in order to achieve their goal of running roughshod over

<u>AFFIDAVIT</u>

STATE OF FLORIDA
COUNTY OF PALM BEACH

BEFORE ME the undersigned authority personally appeared KATHY ANN GARCIA-LAWSON who being duly sworn deposes and says:

1. My name is Kathy Ann Garcia-Lawon, I am over the age of 18, and make this statement on personal information. My address is, 2620 Natures Way, Palm Beach Gardens, Florida 33410 where I have lived for the past 8 years.
2. On August 11, 2006, I was at the office of the Mallory Law Group for a scheduled mediation session at 10:30 AM.
3. The mediator terminated the session shortly after it began, and at that time, a tall man, who I later learned was Earl Mallory, was "charging" down the hallway towards me and stood directly in front of me at a very close range, shouting in a very loud voice in front of the mediator, Ms. Garland, and myself that I had committed a felony.
4. He repeatedly shouted at me that I had taped the mediation session illegally and he shouted out several times to his secretary: "Call 911!"
5. I told him that I had not **illegally** tape recorded the session, and that I wanted to see the statutes where it said I was not able to use a tape recorder.
6. I felt scared, intimidated, and very threatened by these accusations, and I felt that it was no longer safe to remain in such a hostile environment.
7. I left the office immediately and returned to my home.
8. I had been accompanied to the office by my sister-in-law, Leslie Garcia.

FURTHER AFFIANT SAYETH NAUGHT

*Kathy Ann Garcia-Lawson*

Kathy Ann Garcia-Lawson, Affiant

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sworn to and subscribed before me this 18th day of August 2008 by KATHY ANN GARCIA-LAWSON, who produced a Florida Driver's License as identification.

L 250 - 507 - 58 - 544 - 0

My Commission expires:

DANIEL KVARNBERG
Comm# DD0735398
Expires 11/18/2011
Florida Notary Assn., Inc

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF
FLORIDA, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 502005DR001269XXXXNB
FAMILY DIVISION "FH"

IN RE: THE MARRIAGE OF
JEFFREY P. LAWSON,
     Petitioner/Husband,

and

KATHY ANN GARCIA-LAWSON,
     Respondent/Wife.

_____/

## ORDER DENYING WIFE'S MOTION FOR
## LEAVE TO AMEND THE COUNTER-CLAIM

THIS MATTER comes before the court upon Wife's Motion for Leave to
Amend the Counter-Claim filed on February 27, 2008 (the "Motion"). For the
reasons that follow, the court finds that the Motion should be denied.

### I. PROCEDUREAL HISTORY AND BACKGROUND

By way of background, Husband's Petition for Dissolution of Marriage was
filed on February 1, 2005. On March 29, 2005, Wife filed her initial Counter-
Petition in which she set forth a single count seeking Separate Maintenance.
More than three years have passed and this case has yet to be tried. In the
interim, Wife has resisted every attempt to have this case heard on the merits
and has successfully engaged in delay tactics designed to unnecessary prolong
the litigation and to stymie Husband in his efforts to have his long-awaited day in
court. Indicative of these efforts is a court file that already exceeds six volumes
and 267 separate docket entries. Wife has changed counsel on four occasions[1]
and has moved to disqualify both the previously assigned trial judge and the

---

[1] Wife's current attorney filed a motion to withdraw on May 15, 2008 (docket entry #250). That motion,
together with a motion for temporary relief, was later withdrawn on June 12, 2008 (docket entry #254), the
day of the specially set hearing.

EXHIBIT
3

Page 2
Case No. 502005DR001269XXXXNB
Lawson v. Lawson

undersigned judge.  She has been sanctioned for failure to follow court orders and has been found to be in contempt.  Wife has been dilatory in providing discovery and has twice unsuccessfully petitioned the Fourth District Court of Appeals to contest prior rulings of the court.  Trial has previously been set several times, only to have been continued upon the motion of Wife or her newly retained counsel.

This is not Wife's only motion to amend.  On June 7, 2007, this court permitted Wife to amend her affirmative defenses and to add counter claims. Thereafter, on July 18, 2007, the court dismissed Counts II, III, and IV of Wife's Amended Counter Petition, all of which sounded in tort.  Wife's claim for Separate Maintenance was allowed to stand and Wife was granted 10 days to file an amended pleading.  Rather than timely file an amended pleading, Wife failed to take any action until February 27, 2008, when her current attorney sought leave to file this most recent amendment to the Counter-Petition.  The amendments ask for declaratory and injunctive relief in an attempt to declare Chapter 61, Florida Statutes, unconstitutional.

One item missing from the docket sheet is Wife's Motion to Dismiss as a Sanction for Fraud.  This 59 page motion, aside from being a largely incoherent and prolix pleading, makes serious ethical and criminal charges against nearly everyone associated or even tangentially connected with the litigation, but most particularly Husband's attorney and her law firm, including allegations of perjury, conspiracy, and *ex parte* conversations with the prior trial judge assigned to this case.  Given the gravity of these allegations, a three hour specially set hearing on the motion was coordinated between the court and all counsel.

When counsel for the Husband informed the court that the fraud motion had not yet been docketed, Wife's attorney appeared noticeably surprised and advised the court that she had personally "dropped off" the original pleading with the clerk, but promised that she would immediately file another copy.  Curiously,

the certificate of service also averred that a true copy had also been furnished to the clerk's office.  Not only did Wife's counsel not file a copy with the clerk as promised, she later served a motion seeking to reset the specially set hearing wherein she stated for the first time that the fraud motion was served to opposing counsel but never filed with the court.  Counsel for the Husband rightfully inquires as to why the Wife's Motion to Dismiss as a Sanction for Fraud upon the Court would be served on opposing counsel, provided to the court, and set for hearing, but never filed with the clerk. The end result of the Wife's actions was to again further delay these proceedings and prevent the case from being at issue so that it might finally be set for trial.  To this date, the fraud motion remains unfiled.

It also appears that Wife was directly responsible for the cancellation of the court's most recent attempt at mediation in this case.  Prior efforts at obtaining meaningful mediation all ended in failure due to conduct or circumstances directly attributable to Wife.  As a result, this court previously waived its standing order requiring mediation.  However, at the insistence of Wife's current counsel and over the objection of Husband's attorney, the court was persuaded that another attempt at a good faith mediation was warranted. The court allowed Wife to select a mediator of her own choosing and a date was mutually agreed to and coordinated in advance between the parties and the mediator.  Shortly before the scheduled mediation date the mediator advised the parties that she was no longer willing to mediate this case.  While the circumstances surrounding her decision are not entirely clear, it apparently occurred following an unsolicited telephone call to the mediator from the Wife. This is yet another example of Wife interjecting delay into these proceedings.

It is against this factual backdrop that the court considers the Wife's Motion.

## II. LEGAL ANALYSIS

The court is not unmindful of the liberality normally accorded motions to amend. Bradham v. Hayes Enterprises, Inc., 306 So.2d 568 (Fla. 1st DCA 1975). However, it has long been recognized that "this 'liberality' gradually diminishes as the case progresses to trial." Versen v. Versen, 347 So.2d 1047 (Fla. 4th DCA 1977). There is, after all, a time "where each party is entitled to some finality." Noble v Martin Memorial Hospital Assoc., 710 So.2d 567, 568 (Fla. 4th DCA 1998). That time is now.

Wife argues that the court is compelled to grant her Motion pursuant to the holding in Greene v. Well Care HMO, Inc., 778 So.2d 1037 (Fla. 4th DCA 2001). Greene ruled it an abuse of discretion for a trial judge to deny leave of a party to amend unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile. Id. at 1041.

As set forth in great detail above, Wife has repeatedly acted in a manner to prevent this case from going to trial. Given that the case has languished on the docket for more than three years, her efforts so far have been successful. It is an abuse of the amendment process to invoke Rule 1.190 in order to perpetuate delay. In this case, Wife was granted leave to amend previously and when portions of her amended counter-petition where dismissed, she was granted additional time in which to again file another amended pleading. From the onset of the litigation, Wife has been outspoken in her view that Florida's statutory no-fault divorce statute was constitutionally infirm, but waited until the eve of setting this case for trial to seek leave to amend her counter-petition to make such a claim.

The prejudice to the Husband is obvious. His life has effectively been put on hold for the past three years as his efforts to obtain a ruling on his petition for dissolution have stalled. The delay has not only cost him time but money as well. Husband's counsel recently indicated he has spent in excess of $100,000 in fees

Page 5
Case No. 502005DR001269XXXXNB
Lawson v. Lawson

to date defending this action. If the Wife is allowed to amend her pleadings at this late date, the case will no longer be at issue and the July 30, 2008 trial will be delayed indefinitely, possibly for a year or longer, as new parties will have to be served, answers filed and additional discovery taken.  Costs and fees can be expected to escalate beyond the parties' limited means.   If the time standards established by the Florida Supreme are to be given anything more than lip service, this Motion must be denied. See Rule 2.250, Fla. R. Jud. Admin. (Contested domestic relation cases should be completed within 180 days from filing).

While this court offers no opinion as to the merits of the proposed amendments, the court notes that the constitutional issues raised by Wife appear to have been previously addressed by the Florida Supreme Court in the landmark case of Ryan v Ryan, 277 So.2d 266 (Fla. 1973) and its numerous progeny, wherein the Court upheld the constitutionality of Florida's 'no-fault' divorce law, including the abolishment of certain defenses, including the 'clean hands principle'. If that is the case, the amendment would indeed be futile.

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that Wife's Motion for Leave to Amend the Counter-Claim is DENIED.

DONE AND ORDERED this 19th day of June, 2008, in Chambers in Palm Beach Gardens, Florida.

SIGNED AND DATED

JUN 1 9 2008

RICHARD L. OFTEDAL

Richard L. Oftedal
Circuit Judge

Copies furnished:  EBlobolog
Natalie M. Garland, Esq., 1907 Commerce Lane, Suite 104, Jupiter, Florida 33468
Inger M. Garcia, Esq., 533 N.E. 3rd Avenue, Ground Floor – Suite 2, Fort Lauderdale, Florida 33301

**Inger M. Garcia, Esq.**
**2506 NE 30th Street**
**Ft. Lauderdale, Florida 33306**
**954-894-9962**

October 2, 2008

ALL PARTIES & THEIR ATTORNEYS to Cases Relating to
the Marriage of Jeffrey P. Lawson & Kathy Garcia-Lawson
for Circulation at October 2, 2008, in Judge Richard L. Oftedal's
Court in North Palm Beach County, 15th Judicial Circuit

Dear Sirs and Madams:

All the Wife-Defendant Kathy Ann Garcia-Lawson has always wanted is "her day in court" regarding the question of the constitutionality of no-fault divorce as a creature of state-licensed marriage. She has now framed complaints in the Second Circuit in Leon County and the United States District Court for the Southern District of Florida.

It is Wife's position, and it seems undeniably true, that it is disingenuous, utterly unfair, and a complete waste of time to move forward with this (present case), this dissolution procedure, until and unless she has had a full and fair opportunity to litigate present her constitutional questions regarding the statutes which frame regulate Florida divorce & marriage.

Even if you think that Wife has only a 1% chance of overturning the Florida divorce and marital regime, you must agree that Wife then has a 1% chance of rendering all other proceedings in this 15th Judicial court illegitimate and illegal.

Plaintiff Kathy Ann Garcia-Lawson hereby submits and proposes the following: streamlining and downscaling of this litigation, which is now spread over and through three courts: We agree that Judge Oftedal allow the leave to amend, and thereby allow Kathy Ann Garcia-Lawson to consolidate ALL of her defenses and contentions into a single counterclaim and a set of third-party claims arising from the same transactions and occurrences in this court. All other cases are dismissed. If Kathy is allowed a full-and-fair trial of all these issues here in the Fifteen Judicial Circuit, this case alone will eventually become res judicata and Kathy will have tried her case in the most appropriate and legitimate of formats.

To deny Kathy Ann Garcia-Lawson's right freely and fully to amend her answer, counterclaim, and third-party claims in this court has led to the needless multiplication of judicial proceedings. We, along with Judge Oftedal, now have the power in our hands to eliminate the need for three parallel but related actions. Judge Oftedal has the ability to cure Kathy Lawson's complaints against each of us for her denial of due process by allowing the amendment.

**EXHIBIT**
**4**

1

*Tender of Offer to Consolidate & Streamline Civil Rights &*
*Constitutional Litigation into single cause in 15th Judicial Circuit*

Further, Judge Oftedal, will no longer be named as a defendant in any case as this will allow this case to proceed here in the Fifteenth Judicial Circuit in and for Palm Beach County.

Respectfully tendered,

Inger Garcia, Esq.
2506 NE 30th Street
Fort Lauderdale, Florida 33306
Phone: (954) 894-9962
Fax:   (954) 446-1635
Inger13@aol.com

Cc:     George Waas, via facsimile:                                  (850) 488-4872
        Daniel S. Dearing, via facsimile:                            (850) 488-4872
        Patricia A. Lynch, via facsimile:                            (407) 849-1821
        Jeffrey P. Lawson & Natalie Garland, via facsimile: (561) 743-3729

*Tender of Offer to Consolidate & Streamline Civil Rights & Constitutional Litigation into single cause in 15th Judicial Circuit*

2