UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Kathy Ann Garcia-Lawson, §
    Plaintiff, §
        §   Case 08-cv-80865-MARRA
v. §
        §
Natalie M. Garland, et al §
        §

FILED by _____ D.C.
DEC 2 6 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. FL.- W.P.B.

**PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS
INCORPORATED MEMORANDUM IN SUPPORT")**

**TABLE OF CONTENTS**

I. Introduction ................................................................................................ 2

II. Viability of my claims .................................................................................. 3

   A. My First Amended Complaint incorporates substantial exhibits. ............ 3

   B. Exhibits alone prove my claims are warranted by more than reasonable inquiry ........... 4

   C. The claims in this federal complaint are thoroughly grounded in facts. ............ 6

   D. Legal foundations for my claims are diligently researched and documented. ............ 7

III. Misrepresentations in Defendant Garland's DE #31 Rule 11 Motion ............ 7

   E. Defendant Garland misrepresents my honorable purpose ............ 7

   F. Defendant Garland misrepresents "multiplying litigation" ............ 9

   G. Defendant Garland misrepresents "delay" ............ 9

   H. Defendant Garland misrepresents "federal oversight." ............ 10

   I. Defendant Garland misrepresents my claims against unlawful court practices ............ 14

IV. Conclusions ................................................................................................ 17

V. Prayer ........................................................................................................ 17

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS
INCORPORATED MEMORANDUM IN SUPPORT")

Page 1

I. **Introduction**

1. I, Kathy Garcia-Lawson, Plaintiff *pro se*, file this response to DE #31, "Defendant's MOTION for Sanctions Rule 11[1] & Incorporated Memo in Support by Natalie M. Garland" ("Defendant Garland's DE #31 Rule 11 Motion").

2. DE #31 challenges my claims at its p. 7 of 45 where it demands, "…Plaintiff's claims [be] withdrawn."

3. Defendant Garland's DE #31 Rule 11 Motion complies with FRCP 11(c)(2), so she has given me fair notice.

    a. DE #31 was *served* on 11-17-2008 by certified mail ("…service is complete on mailing…" FRCP 5(b)(2)(C)).

    b. DE #31 was *filed* in this Court on 12-09-2008, the 22nd day after service.

    c. The time elapsed between DE #31's dates served and filed is 22 days, complying with the FRCP 11(c)(2)'s "21-day safe harbor" provision.

4. However, I firmly believe that my claims are just, so I have not withdrawn them but instead present this response to the Court opposing the Rule 11 Motion.

5. Moreover, my knowledge and research of the facts of this case and related law and policy far exceed FRCP 11(b)'s required "inquiry reasonable under the circumstances."

    a. For nearly four years my life has been immersed in the facts and law of this case. I did not file this federal lawsuit at my first inkling that federal offenses were occurring and causing me damage. I feel this

---

[1] The version of FRCP 11 used here was obtained from **http://www.uscourts.gov/rules/civil2007.pdf** on Dec. 15, 2008. I am unaware of any later versions. This version's history stated, "As amended … Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007." I understand the 2007 amendments were intended to be stylistic only. Any of the "1993 Notes of Advisory Committee" quoted herein are from *O'Connor's Federal Rules * Civil Trials* (2007), pp. 1167-1170

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS
INCORPORATED MEMORANDUM IN SUPPORT")

Page 2

        federal lawsuit is more like a last resort in my many rebuffed efforts to obtain justice as an American citizen.

    b.    Whatever facts I do not know firsthand I have sought fervently because my family's future depends on it. Similarly, my inquiry and citation of applicable law and policy is reasonable far beyond the threshold required by FRCP 11(b)(2).

6.    My pleadings may still contain technical deficiencies that should be corrected, however, any such shortcomings are not substantial.

    a.    "Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b). They should not be employed ... to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation ..." ¶19, FRCP 11 1993 Notes of Advisory Committee.

7.    Therefore, I have briefed the following analysis for the Court to show why Defendant Garland's DE #31 Rule 11 motion is used improperly to challenge my pleadings, and thereby her DE #31 Rule 11 Motion violates FRCP 11(b)(1) while my pleadings do not violate Rule 11.

## II.    Viability of my claims

8.    My claims of federal civil rights violations are presented in DE #18, "Plaintiff's First Amended Complaint."

**A.    My First Amended Complaint incorporates substantial exhibits.**

9.    DE #18 is Plaintiff's First Amended Complaint that *voids* DE #1 Plaintiff's Original Complaint.

    a.    An amended pleading renders the original pleading void except to the extent the amended pleading incorporates portions of the original pleading. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994); *Lowden v. William M. Mercer, Inc.*, 903 F.Supp. 212, 216 (D.Mass.1995).

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS
INCORPORATED MEMORANDUM IN SUPPORT")

Page 3

10. Since DE #1 is void, it should not be considered in the Court's Rule 11 analysis except for the DE #1 Exhibits still incorporated by my DE #18 Amended Complaint, which incorporates DE #1's Exhibits by reference in DE #18 at p. 2, ¶1. Also incorporated into my claims is DE #17, "Plaintiff's Notice of Reservation of Federal Jurisdiction."

B. **Exhibits alone prove my claims are warranted by more than reasonable inquiry.**

11. May it please the Court to examine its docket and take note of the extensive inquiry into facts and law that I have invested to prepare these exhibits incorporated in my DE #18 Amended Complaint. They warrant "making a federal case out of" my controversies with Defendant Garland and her co-conspirator judges:

   a. DE #1, p. 62, approx. 8 pages: Affidavit of Judy Parejko (as an expert witness) where she begins to explain how she discovered that Florida's laws were subverted into an unlawful system reminiscent of Soviet dictatorships that wholesale violate basic civil rights guaranteed by the US Constitution.

   b. DE #1, p. 71, approx. 30 pages: Brief History of Florida's No-Fault Divorce Law & the Uniform Marriage and Divorce Act (UMDA), prepared by expert witness Judy Parejko with a few of the historical documents that form the basis of her expert testimony.

   c. DE #1-2, p.1, approx. 2 pages: Affidavit of Kathy Garcia-Lawson on Palm Beach County Divorce Statistics, with results of my personal investigation into public records that are completely consistent with my claim that no divorces whatsoever are denied in Florida divorce courts. These facts tend to prove that Florida's divorce court procedures have been transformed into an unlawful ministerial process devoid of judicial discretion, as foretold by California Justice Louis H. Burke in his 09-26-1969 letter at DE #1, p. 79.

   d. DE #1-2, p. 4, approx. 35 pages: "Was No-Fault Divorce Born in the Soviet Union?" by Donald M. Bolas (1975), 14 J. FAM. L. 65 (1975-1976). Also, DE #1-2, p. 40, continued at DE #1-3, p. 1, approx. 15 pages combined: "Marriage and Divorce in Soviet Law," by Vladimir Gsovski (1947), 35 GEO. L.J. 209 (1946-1947). These

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 4

  exhibits reveal similarities shared by the present Florida divorce regime and the Soviet family law system.

e.   DE #17, Exhibit "1" at p. 15, approx. 30 pages: Detailed factual allegations and legal theories of this federal lawsuit in 147 paragraphs. If established, these facts tend to prove that Florida divorce courts are operating an unlawful *ministerial* divorce mill under the guise of *discretionary* judicial process. Such an enterprise violates federal civil rights, is purely a sham and a fraud on Florida citizens requiring federal court intervention to restore constitutional law and order.

f.   DE #17-3, Exhibit "E" at p. 36, approx. 16 pages: "The Effects of Divorce on America," by Patrick F. Fagan & Robert Rector (2005), examining some of the damage inflicted on families by federally prohibited state actions that violate civil rights just as my civil rights have been violated by the defendants in my case.

g.   DE #17, at p. 1, approx. 12 pages of legal briefing: addresses numerous legal foundations for this federal civil rights lawsuit.

  (1)   DE #17's briefing discusses the duty of Florida to enforce the US Constitution and alleges that Florida has flagrantly disregarded that duty in my case.

  (2)   DE #17's briefing contains roughly half a dozen pages as to why domestic relations abstentions are inapplicable to this civil rights case under federal law.

  (3)   DE #17's briefing quotes US Supreme Court cases acknowledging the duty of federal courts to assume jurisdiction and right such wrongs as are alleged here, if the facts can be proved to a jury.

  (4)   DE #17's briefing is elaborated in part and restated in part in my later briefings at DE #29 and DE #32.

  (5)   Defendant Garland's DE #31 Rule 11 Motion does not demonstrate in particular how any of my legal contentions in DE #17 are either unwarranted or lacked reasonable inquiry under FRCP 11(b)(2).

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 5

12. Even by themselves, these exhibits incorporated into my DE #18 Amended Complaint demonstrate that I have reasonably investigated factual and legal bases of my claims.

13. The evidence I have already provided, before discovery, tends to prove that Florida legislative and judicial processes have been subverted secretly, and the subversion has been concealed, so that what presently exists in Florida divorce courts *appears* to have the form of law but without its substance.

14. As my expert Judy Parejko discovered (DE #17, p.49 ¶e), it was known to some insiders that the end result of this legal subversion in state laws throughout the United States including Florida would *not* result in a lawful family court system providing the *"discretionary judicial* action" that those courts now falsely claim that they provide. Rather the result of the subversion would be the present unlawful system of *"non-discretionary ministerial* action." The unlawful actions are perpetrated by state judicial actors whose pretext is to enforce litigants' rights although it can be proved clearly that these state actors are systematically doing exactly the opposite. State actor judges conspire with lawyers who urge them to violate the US Constitution's 1st Amendment and 14th Amendment rights of every "Traditional Marriage Defender." They violate these rights under the color of law using government and private facilities.

C. **The claims in this federal complaint are thoroughly grounded in facts.**

15. To prove my claims I can produce abundant evidence in discovery and at trial from the following sources:

    a. My own testimony of personal firsthand experience.

    b. Judicial admissions by Defendant Garland and the defendant judges.

    c. Testimony of Defendant Garland and the defendant judges.

    d. Expert witnesses including Dr. Stephen Baskerville and Judy Parejko.

    e. Innumerable other witnesses from the ranks of government and from the public, including dozens of divorce lawyers that I have personally interviewed.

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 6

      f.      Legal training and practice guides that acknowledge unlawful Unilateral Divorce On Demand is Florida's non-discretionary ministerial "court" practice.

16.    However, I have not found in the DE #31 Rule 11 Motion or any other of the defendants' pleadings any suggestion that they are aware of any evidence that proves that divorces are actually denied to refute my claims or allegations of fact.

17.    Therefore the defendants in this case show no basis to oppose my claims that Florida is operating a divorce mill depriving fundamental rights to marriage (as briefed in DE #28 and DE #29) by the courts failing to grant discretionary judicial due process guaranteed by the US Constitution.

18.    My claims do not deserve sanctions for want of reasonable inquiry into the facts of this case under FRCP 11(b)(3).

### D. Legal foundations for my claims are diligently researched and documented.

19.    In my First Amended Complaint at DE #18 (with its incorporated documents), and throughout my further briefs (DE's #28, 29, 32), I cite, analyze, and apply the US Constitution, the US Supreme court, law review articles, and Florida Supreme Court rulings. I elicit legal history from commentaries. I cite Black's Law Dictionary (6th ed. 1990).

20.    I cannot find in Defendant Garland's DE #31 Rule 11 Motion where Defendant Garland cites federal law (apart from FRCP 11) that squarely contends with any of my substantial analyses of federal law.

### III. Misrepresentations in Defendant Garland's DE #31 Rule 11 Motion

### E. Defendant Garland misrepresents my honorable purpose

21.    My complaint (now amended at DE #18 with numerous incorporated attachments) was filed in federal court because I discovered firsthand that the US Constitution is no longer enforced in the state court cases of Traditional Marriage Defenders such as myself. And because I still expect an opportunity to defend my Traditional Marriage (vows at DE #17, p. 19), I filed this federal lawsuit.

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS
INCORPORATED MEMORANDUM IN SUPPORT")

Page 7

22. But nowhere can I find in my pleadings where I asked this Court to decide my divorce case, which I acknowledge is rightly to be decided in Florida state court in compliance with federal and state laws, not in defiance of those laws, as has been the ongoing unlawful practice in those courts.

23. In my civil rights claims, despite limited access to legal counsel, I have earnestly attempted to plead in federally sufficient terms that the Florida courts openly and consistently and unlawfully disregard the US Constitution with no effective disciplinary mechanism in the state jurisdiction.

24. I pursue this litigation in federal court because I cannot in good conscience allow either my family or the families of my fellow citizens to be destroyed by misconduct of government officers, much less our *trustees of justice*. I am shocked and heartbroken wondering what happened to our country.

25. But Defendant Garland's DE #31 Rule 11 motion on p. 6 in ¶8 alleges "...Plaintiff ...has embarked on a mission to disparage and denigrate her ethical and proper representation of her client..."

26. She states correctly that I have embarked on a mission but misrepresents the facts about my purpose, and thereby she violates FRCP 11(b)(3).

27. The purpose of my mission, to which I have solemnly testified, is to save my family and to secure the rights we have been granted by the US Constitution, because I was forced into this mission by Defendant Garland's abuse of court process depriving me of those rights.

28. My mission is not to denigrate whatever ethical and honorable conduct Defendant Garland properly observes but to expose to public scrutiny her unlawful deprivation of my civil rights and similar misconduct by those like her who operate under the color of law behind a veil of unwarranted state immunities.

29. This Court should receive her evidence rather than her speculation that my mission is to disparage her while she alleges to be innocent. A jury should decide between us, not a Rule 11 Motion improperly used under FRCP 11(b)(1).

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 8

F.   **Defendant Garland misrepresents "multiplying litigation"**

30.   In Defendant Garland's DE #31 Rule 11 Motion at p. 5 ¶5, she says, "Plaintiff has admittedly and needlessly multiplied the litigation...," and she refers to DE #31's p. 44, last ¶, where I am quoted, saying:

   a.   "To deny Kathy Garcia-Lawson's right freely and fully to amend her answer, counterclaim, and third-party claims in this court has led to the needless multiplication of judicial proceedings..."

31.   In the plain meaning of this sentence read in its context, I am not admitting culpability but blaming the "needless multiplication" on consequences forced by the *court* (via co-conspirator Defendant Garland who urges the court).

32.   The context is a 10-02-2008 letter to the other parties and attorneys, and after the salutation I begin by saying about myself, "All the Wife-Defendant Kathy Ann Garcia-Lawson has wanted is her 'day in court' regarding the question of the constitutionality of no-fault divorce..."

33.   It is absurd that Defendant Garland's Rule 11 Motion misrepresents my comment in the last ¶ as my admission against my interest supposedly communicating my belief that I have already had too many needless days in court, while I am still requesting my *first* "day in court."

34.   This misconstruction of plain language is a good example of the harassing nonsense that has been presented constantly in state courts under the color of law by Defendant Garland, an attorney. It is an improper purpose of pleadings and is proscribed by FRCP 11(b)(1).

G.   **Defendant Garland misrepresents "delay"**

35.   In Defendant Garland's DE #31 Rule 11 Motion at p. 1, she says, "...suit in this [federal] Court was filed in part for the purpose of delaying trial of the dissolution of marriage..."

36.   Then she lists on subsequent pages of DE #31 various actions where I have allegedly sought to "delay."

37.   FRCP 11(b)(1) says an "improper purpose" is *"unnecessary* delay," and *unnecessary* delay can be sanctioned.

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 9

38. It is true that I am doing everything I can to "delay" forever the irreparable harm that Defendant Garland continues to seek to inflict upon me by unlawfully imposing Unilateral Divorce On Demand through an unlawful ministerial action misnamed a "trial," thereby violating my civil rights under the color of state law in furtherance of her lucrative conspiracy with the defendant judges in this case. Such delay is not "*unnecessary* delay" but valid defense of my constitutional rights.

   a. "To enforce one's rights when they are violated is never a legal wrong, and may often be a moral duty." *Morningstar v. Lafayette Hotel Co.*, 211 N.Y. 465, 468, 105 N.E. 656 (1914), citing Justice Benjamin N. Cardozo.

39. As soon as Defendant Garland and her co-conspirator judges can be effectively compelled to cease violating my rights and begin respecting instead of disregarding Florida law and federal law, then I will hasten to dispose of my divorce case in Florida state court as quickly as possible.

40. My federal claims have meanwhile been presented to this Court *not* for *unnecessary* delay but for *necessary enforcement* of the US Constitution by whatever lawful means that this Court deems most effective.

41. So again Defendant Garland misrepresents my actions, an improper purpose of pleadings proscribed by FRCP 11(b)(1).

**H.   Defendant Garland misrepresents "federal oversight."**

42. In her DE #31 Rule 11 Motion at p. 3 ¶3, Defendant Garland asserts that I have violated FRCP 11 by my request for "federal oversight" to stop violations of my civil rights (DE #18, p. 7, ¶35), which reads:

   a. "35. It is because Defendants have violated Plaintiff's civil rights that this action has been filed to obtain federal oversight."

43. But Defendant Garland cites no authority that "federal oversight" in and of itself is unlawful.

44. By "federal oversight" I meant "federal court relief," or instead I could have said "federal remedial measures to stop violations of civil rights by state actors."

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 10

45. I am not asking this Court to ignore the laws but to consider and enforce them lawfully after examining evidence and hearing arguments fully and fairly from all parties in this case. Defendant Garland's DE #31 Rule 11 Motion does not prove from my pleadings that I seek otherwise.

46. The prayer in my Amended Complaint at DE #18, p. 11, ¶61, requests reasonable relief, declaratory judgment concerning US Constitutional rights, and if necessary to secure their enforcement, an injunction pursuant to 42 USC §1983 to prohibit Florida courts from continuing to ignore the US Constitution as they routinely do today.

47. 42 USC §1983 permits federal courts to enjoin state court proceedings. At p. 17 of Defendant Garland's DE #31 Rule 11 Motion is an exhibit citing *Mitchum v. Foster*, 407 U.S. 225 (1972), a case that apparently her attorney did not examine, because *Mitchum* holds at pages 241-243 that the federal courts have authority to grant the relief I have requested [emphasis added]:

> "Those who opposed the Act of 1871 [establishing 42 USC §1983 remedies] clearly recognized that the proponents were **extending federal power** in an attempt **to remedy the state courts' failure to secure federal rights**. The debate was **not** about whether the predecessor of 1983 extended to **actions of state courts**, but whether this innovation was necessary or desirable. ...
>
> This legislative history makes evident that Congress clearly conceived that it was altering the relationship between the States and the Nation with respect to the protection of **federally created rights**; it was concerned that **state instrumentalities could not protect those rights**; it realized that **state officers might, in fact, be antipathetic to the vindication of those rights**; and it believed that **these failings extended to the state courts**.
>
> Section 1983 was thus a product of a vast transformation from the concepts of federalism that had prevailed in the late 18th century when the anti-injunction statute was enacted. The very purpose of 1983 was to **interpose the federal courts** between the States and the people, **as guardians of the people's federal rights - to protect the people from unconstitutional action under color of state law,** "whether that action be executive, legislative, or **judicial**." *Ex*

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 11

*parte Virginia*, 100 U.S., at 346. In carrying out that purpose, **Congress plainly authorized the federal courts to issue injunctions in 1983 actions**, by expressly authorizing a "suit in equity" as one of the means of redress. And **this Court long ago recognized that federal injunctive relief against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights**. *Ex parte Young*, 209 U.S. 123; cf. *Truax v. Raich*, 239 U.S. 33 ; *Dombrowski v. Pfister*, 380 U.S. 479 . For these reasons we conclude that, under the criteria established in our previous decisions construing the anti-injunction statute, 1983 is an Act of Congress that falls within the "expressly authorized" exception of that law. In so concluding, we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding."

48. Defendant Garland with her co-conspirator judges have been actively threatening a **"great, immediate, and irreparable loss of [my] constitutional rights,"** i.e. the unlawful dissolution of my marriage by an unlawful ministerial process applying Unilateral Divorce On Demand contrary to the Florida Supreme Court's 1973 ruling in the *Ryan* case. Therefore, I have requested this Court to grant me the relief that *Mitchum* said Congress intended.

49. But my DE #18 Amended Complaint does not petition this federal court for any "meticulous and burdensome 'federal oversight'" such as that described in *Wexler v. Lepore*, 385 F.3d 1336, 1340 (C.A.11 (Fla.) 2004) [emphasis added]:

    a. "…we do not accept that the existence of a parallel state court action would warrant abstention in federal court, unless the requested federal relief would result in **meticulous and burdensome federal oversight** of state court or court-like functions. See, e. g., *Rizzo*, 96 S.Ct. at 608-9 (refusing to grant injunctive relief regarding "the internal disciplinary affairs" of municipal and state agencies); *O'Shea*, 94 S.Ct. at 679 (rejecting "continuous supervision" of future criminal trial proceedings). We abstained in such situations. See, e.g., *31 Foster Children*, 329 F.3d at 1278-79 (addressing relief that

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 12

would take "responsibility for a state's child dependency proceedings away from state courts and [put] it under federal court control") ... Thus, the parallel proceedings brought by Appellant Wexler do not present the "undue interference" in state court proceedings necessary to apply Younger. ... **Nor would a federal injunction of the kind sought in this case, usurp the state courts' ability to 'perform their judicial functions.'"**

50. It is not my pleadings but the unlawful actions of Defendant Garland and her co-conspirators that **"usurp the state courts' ability to 'perform their judicial functions'"** and transform those courts into ministerial divorce mills constantly violating civil liberties by unlawfully granting Unilateral Divorce On Demand.

51. Moreover, in the DE #31 Rule 11 Motion at p. 1, Defendant Garland asserts that my request for "federal oversight" includes "by implication orders of the state court," misrepresenting my claims again by implying that I seek an improper purpose sanctionable under FRCP 11.

52. However, my claims nowhere seek improper appellate review of state orders inasmuch as the Rooker-Feldman doctrine explains that this district Court where I have filed my lawsuit is a trial court with *original* jurisdiction, while the US Supreme Court is the proper court of appellate jurisdiction to review state court judgments that must necessarily be reviewed first through the state appellate court system.

53. This is a civil rights claim where evidence of unlawful state action, including documentary evidence within state court orders and transcripts, is to be examined by a federal jury for civil rights violations, not by federal judges to find reversible judicial error. The results of such factual jury findings will neither reverse state court orders nor affirm them.

54. Such misrepresentations of my claims by Defendant Garland's DE #31 Rule 11 Motion are wearisome harassment that raise the cost of litigation while avoiding the substance of this lawsuit, improper purposes prohibited by FRCP 11(b)(1).

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS
INCORPORATED MEMORANDUM IN SUPPORT")

Page 13

I. **Defendant Garland misrepresents my claims against unlawful court practices**

55. On pp. 1-2 of Defendant Garland's DE #31 Rule 11 Motion, she says my legal contentions are not warranted by existing law.

56. Then in ¶4 on pp. 3-5 of DE #31, Defendant Garland cites *Ryan v Ryan*, 277 So.2d 266 (Fla. 1973) and says that the state courts are "bound to follow precedent" as if I am seeking to thwart precedent whereas I am the one seeking to uphold precedent while she is the one thwarting it.

57. The facts I have alleged tend to prove Unilateral Divorce On Demand is the current unlawful Florida practice, and therefore, the Florida divorce courts are *not following* binding precedent from the Florida Supreme Court, but rather they are *flouting* precedent.

    a. In this case, I have alleged evidence that over 31,000 divorces have been granted in Palm Beach County over the past five years, and local officials reported that not a single one had been denied (DE #1-2, p. 1).

    b. Then I briefed in DE #29, pp. 7-12, ¶¶22-31, quoting from *Ryan* where the Florida Supreme Court explicitly rejected both Bilateral Divorce On Demand (which does *not* violate federal civil rights) and Unilateral Divorce on Demand (which *does* violate federal civil rights).

    c. In this same briefing in DE #29 at ¶¶25-27 I examine the US Constitutional question about statutory vagueness that escaped the *Ryan* court, the confusion of vagueness now suggested by the fact that lower Florida courts 35 years after *Ryan* diametrically oppose *Ryan's* never-reversed holding in everyday divorce court practice. The lower courts exclusively practice what *Ryan* explicitly rejects: Unilateral (and Bilateral) Divorce On Demand.

    d. As briefed in DE #29 and also DE #28, Unilateral Divorce On Demand violates federal civil rights, and it is not only proper for this federal court to address these state court violations of federal civil rights, but it is the duty of the federal court to do so:

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 14

   (1) "…Congress imposed the duty upon all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims. Plainly, escape from that duty is not permissible merely because state courts also have the solemn responsibility, equally with the federal courts, '* * * to guard, enforce, and protect every right granted or secured by the constitution of the United States * * *.'" *Zwickler v. Koota*, 389 U.S. 241, 248 (1967).

 e. These complex issues of law should be debated in formal briefs prepared for declaratory judgment, not challenged in Rule 11 Motions.

 f. Defendant Garland had notice of my briefing of *Ryan* in DE #29 (and fundamental marriage rights in DE #28) served a full week before she filed her DE #31 Rule 11 Motion, and yet she still filed it on 12-09-2008.

   (1) DE #29 and DE #28 were filed and served by US Mail on 12-02-2008, seven days prior to the date that Defendant Garland filed her DE#31 Rule 11 motion.

   (2) The service to Defendant Garland on 12-02-2008 also included copies of the books by my two experts Dr. Stephen Baskerville and Judy Parejko.

58. Defendant Garland's attorney would have seen that the DE #31 Rule 11 Motion should *not* have been filed so quickly, if at first she would have "made inquiry reasonable under the circumstances" into the substantial federal questions raised by my briefs in DE #28 and DE #29 served a week earlier on 12-02-2008.

59. Defendant Garland's attorney would not have even *served* her DE #31 Rule 11 Motion on 11-17-2008 if she had studied the eleven pages of federal law briefed in DE #17 (p. 1-11), which was filed a month earlier on 10-14-2008 and was later incorporated in my DE #18 Amended Complaint filed on 10-24-2008. She also had fair notice of DE #17's detailed factual allegations and legal theories of this federal lawsuit, filled with substance contained in 147 paragraphs at DE #17, (p. 14-43).

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS
INCORPORATED MEMORANDUM IN SUPPORT")

Page 15

60. I conclude that it is not I but Defendant Garland's attorney who violated Rule 11, by filing the DE #31 Rule 11 Motion after ignoring the substantial factual and federal issues that are raised by my claims and by my subsequent briefings that were served prior to her filing.

   a. "... The rule continues to require litigants to "stop-and-think" before initially making legal or factual contentions. It also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for *insisting upon a position after it is no longer tenable*..." FRCP 11, 1993 Notes of Advisory Committee, at ¶5 [emphasis added].

61. I should be awarded reasonable expenses, including attorney's fees that I incur in opposing Defendant Garland's Rule 11 Motion, because:

   a. "...the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However, service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion." 1993 Notes to FRCP 11 at ¶22

62. Such imposition of legal fees would help to deter Defendant Garland and her attorney from future misconduct.

63. Defendant Garland and her attorneys are not accustomed to receiving adequate discipline in the state courts. If their duties as officers of the court were not so crucial to enforcement of civil rights, maybe it could be overlooked. But the American Family Holocaust is an immense social crisis spawned by a crisis of disrespect for law in the divorce courts as illustrated by Defendant Garland's misrepresentations in her DE #31 Rule 11 Motion.

64. There is at least one law professor with the courage to acknowledge this continuing pattern of lamentable judicial misconduct, Richard L. Abel, *Why Does the ABA Promulgate Ethical Rules*, 59 TEX. L. REV. 639 (1981), at 648-649 [emphasis added]:

   a. "Yet study after study has shown that the <u>current rules of professional conduct are not enforced</u>. Misconduct is rarely

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 16

perceived. If perceived, it is not reported. If reported, it is not investigated. If investigated, violations are not found. If found, they are excused. If they are not excused, penalties are light. And if significant penalties are imposed, the lawyer soon returns to practice... <u>We know that the efficacy of social control varies even more strongly with the likelihood of punishment than it does with the severity of the sanction</u>.... The Model Rules do nothing to remedy these "defects." <u>They prescribe no disciplinary *mechanism*. On the contrary, they encourage the very conspiracy of silence that frustrates enforcement—a professional conspiracy that lawyers were prompt to condemn when physicians protected each other</u> from malpractice claims by refusing to testify. ...they appear to endorse the *hyperleniency* of present disciplinary bodies..."

65. FRCP 11(c)(2) provides this Court with a powerful disciplinary remedy to deter misconduct of the Court's junior commissioned officers, its attorneys, the advocates of justice, the Court's frontline assistants in legal administration:

   a. "...the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."

66. The Court should consider sanctioning Defendant Garland and her attorney for filing a DE #31 Rule 11 Motion in violation of FRCP 11(b)(1), (2), and (3).

## IV. Conclusions

67. Defendant Garland and I disagree on the law, on its application, on public policy that dictates its application, and on the facts of this case. Such debate should not have been compelled in her Rule 11 Motion.

68. Defendant Garland's DE #31 Rule 11 Motion violates FRCP 11(b), but my pleadings do not.

## V. Prayer

69. I ask the Court to deny Defendant Garland's DE#31 Rule 11 Motion.

70. I ask this Court for attorney's fees and costs as permitted by FRCP 11(c)(2) and for all other relief the Court deems proper.

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 17

71. I also ask this Court to consider other means of imposing discipline that will effectively deter Defendant Garland and her attorney from further efforts to frustrate the due course of justice.

On this 26th day of December, 2008,

Respectfully submitted,

*/s/ Kathy A. Garcia-Lawson*

Plaintiff Kathy Ann Garcia-Lawson, *pro se*
2620 Natures Way
Palm Beach Gardens, FL 33410
561-624-8725

CERTIFICATE OF SERVICE: Plaintiff certifies that on December 26, 2008, copies of this document were served via U.S. Postal Service to:

| | |
|---|---|
| George Lee Waas | Patricia A. Lynch |
| Attorney General Office | 411 East Jackson Street |
| The Capitol PL-01 | Orlando, Florida 32801 |
| Tallahassee, FL 32399-1050 | Tel: (407) 422-5319 |
| Tel: 850-414-3662; Fax: 488-4872 | Fax: (407) 849-1821 |

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 18

# AFFIDAVIT

STATE OF FLORIDA
COUNTY OF PALM BEACH

BEFORE ME the undersigned authority personally appeared KATHY GARCIA-LAWSON who being duly sworn deposes and says:

The facts I have presented in this pleading are true to the best of my knowledge and belief, and my claims have been presented in good faith and good conscience for the purpose of obtaining just adjudication of civil rights protected by the US Constitution.

FURTHER AFFIANT SAYETH NAUGHT

*Kathy A. Garcia-Law___*
Kathy Garcia-Lawson, Affiant

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sworn to and subscribed before me this 26th Day of December, 2008, by KATHY GARCIA-LAWSON, who produced a Florida Driver's License as identification.

BRADLEY C. SISSON
Comm# DD0498721
Expires 12/12/2009
Bonded thru (800)432-4254
Florida Notary Assn., Inc

Notary Public

My Commission Expires: 12/12/2009

PLAINTIFF'S RESPONSE TO DE #31
("DEFENDANT NATALIE GARLAND'S MOTION FOR RULE 11 SANCTIONS INCORPORATED MEMORANDUM IN SUPPORT")

Page 19