UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80865-CIV-MARRA/JOHNSON

KATHY ANN GARCIA-LAWSON,

    Plaintiff,

v.

NATALIE M. GARLAND, *et al.*,

    Defendants.
_____/

## **ORDER DISMISSING CASE**

THIS CAUSE is before the Court upon State Defendants' Motion to Dismiss First Amended Complaint (DE 21); Defendant Natalie M. Garland's Motions to Dismiss (DE 22, DE 23); and Defendant Natalie M. Garland's Motion for Rule 11 Sanctions (DE 31). The motions are fully briefed and ripe for review. The Court held a hearing on the motions on January 8, 2009. The Court has carefully considered the motions and responses and is otherwise fully advised in the premises.

*Background*

On August 5, 2008, Plaintiff Kathy Ann Garcia-Lawson ("Plaintiff") filed a Complaint, which was replaced October 27, 2008 by an Amended Complaint, against Defendants Natalie M. Garland; Bill McCollum, Attorney General of the state of Florida; George Sheldon, Secretary, Florida Department of Children and Families; the Honorable Richard L. Oftedal and the Honorable Jeffrey J. Colbath, Circuit Judges of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida; and Michael O. Leavitt, United States Health and Human Services.

This action arises out of Plaintiff's state court divorce proceedings. According to the allegatons in the Amended Complaint, Plaintiff's husband filed a Verified Petition for Dissolution of Marriage on February 1, 2005 in Palm Beach County. Am. Compl. ¶ 15. The Petition sought a divorce, shared parental responsibility of the parties' child, equitable distribution of marital assets and liabilities, distribution of non-marital assets, and partition of the family home. Am. Compl. ¶1 8, 19. As the basis for dissolution, the petition alleged that "[t]he marriage between the parties is irretriebably broken." Am. Compl. ¶ 20.

In the instant federal action, Plaintiff, in esssence, seeks to have the Court determine that § 61.052, Fla. Stat., by its requirement of a showing that a marriage is "irretrievably broken" is unconstitutional as practiced in contested divorces and violates Plaintiff's due process rights. See DE 18.

*Discusssion*

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Rule 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the

Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Twombly, 127 S.Ct. at 1974.

As the Supreme Court has long recognized, "[o]ne of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations." See Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 12 (2004) ("So strong is our deference to state law in this area that we have recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.' ") (citations omitted); see also Moore v. Sims, 442 U.S. 415, 434 (1979) ( "Family relations are a traditional area of state concern."); Ex parte Burrus, 136 U.S. 586, 593-594 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.").

Under the Younger abstention doctrine, federal courts should abstain from granting relief where there is a pending state civil proceeding that implicates important state interests. See generally Younger v. Harris, 401 U.S. 37 (1971).[1] As such, even if Plaintiff presented colorable grounds for federal relief, abstention would be appropriate. According to the Supreme Court,

---

[1] The abstention doctrine as defined in Younger v. Harris, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The Younger doctrine has been extended to civil cases and state administrative proceedings. Middlesex County Ethics Comm. v. Garden State BarAss'n, 457 U.S. 423 (1982); Huffman v. Pursue Ltd., 420 U.S. 592 (1975) (applying Younger to a civil nuisance case).

3

"national policy forbid[s] federal courts to stay or enjoin pending state court proceedings except under special circumstances." See Younger, 401 U.S. at 41 (1971). This policy of non-intervention is based upon principles of comity and federalism. See id. Three requirements must be met for the application of the Younger doctrine: (1) the existence of an ongoing state proceeding which is judicial in nature; (2) an ongoing state proceeding which implicates important state interests; and (3) an ongoing state proceeding which presents an adequate opportunity to raise constitutional challenges in the state proceeding. Middlesex County Ethics Comm., 457 U.S. at 431-432. Also, the state proceeding need not be ongoing at the time the federal complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the federal issue in a state proceeding. Huffman, 420 U.S. at 608.

The application of the Middlesex analysis to the instant action requires abstention. First, the state court divorce proceedings are "judicial in nature." Plaintiff's husband's divorce action will result in a judgment by a court of law. Under the second prong, the Court notes that federal courts, absent a blatant constitutional violation, have long deferred to state court decisions regarding domestic relations – from marriage to divorce, an area into which this case squarely falls. See Moore, 442 U.S. at 434. Third, the pending state proceeding provides an adequate forum to adjudicate Plaintiff's constitutional claims. State courts are equally capable of enforcing federal constitutional rights as federal courts. See Middlesex County Ethics Comm., 457 U.S. at 431. Furthermore, when the constitutional challenges can affect pending state proceedings, as they do here, "proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987). If Plaintiff believes that the law is being

unconstitutionally applied in her divorce case, she has adequate opportunity to address that issue in her state case, and to appeal it within the state system.

Pursuant to Younger, the only basis for federal court interference is where one of four exceptions are met: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. Mitchum v. Foster, 407 U.S. 225, 230 (1972). None of these exceptions are present and, therefore, Younger abstention principles require the dismissal of Plaintiff's Amended Complaint.

Even if Younger abstention did not apply in this case, the Court would grant Defendants' motions to dismiss for failure to state a claim. In the Florida Supreme Court opinion, Ryan v. Ryan, 277 So.2d 266 (Fla. 1973), the court held that the dissolution of marriage law, which provided as the ground for divorce that the marriage be irretrievably broken, was not unconstitutional as a denial of due process, since it was not vague, uncertain or indefinite. The court stated: "The quoted language read in context with the remainder of the statute expresses the purpose and intent of the Legislature with sufficient clarity to render it invulnerable to attack that it is unconstitutionally vague and indefinite." Id. at 270.

Plaintiff contends that § 61.052, Fla. Stat., by its requirement of a showing that a marriage is "irretrievably broken" is unconstitutional as practiced in contested divorces and violates Plaintiff's due process rights.[2] Plaintiff asserts that Florida state court judges are

---

[2]The Florida legislature's considered decision to eliminate the traditional defenses to divorce actions does not deprive married persons of due process or of any remedy for denial of a legal right. Parejko v. Dunn County Circuit Court, 408 F.Supp.2d 704, 707 (W.D. Wis. 2006) (granting defendants' motion to dismiss federal action challenging Wisconsin divorce statute), aff'd Parejko v. Dunn County Circuit Court, 209 Fed.Appx. 545 (7th Cir. 2006). While Plaintiff

5

systematically finding marriages irretrievably broken without regard to the facts of the case and therefore are acting ministerially and not judicially. Such determinations, however, are particularly appropriate for resolution on a case by case basis in the state forum. Plaintiff's claim does not fit into any of the four exceptions to the Younger doctrine recognized in Mitchum.

In conclusion, the Court finds that the principle of Younger abstention requires the dismissal of Plaintiff's case. Moreover, as explained above, even if Younger abstention did not apply here, the Court would grant Defendants' motions to dismiss for failure to state a claim. Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The State Defendants' Motion to Dismiss First Amended Complaint (DE 21) and Defendant Natalie M. Garland's Motions to Dismiss (DE 22, DE 23) are **GRANTED**. This action is hereby **DISMISSED WITH PREJUDICE**. The Court finds that allowing Plaintiff to amend her complaint a second time would be futile. The Clerk shall close this case.

2. Defendant Natalie M. Garland's Motion for Rule 11 Sanctions (DE 31) is **TERMINATED**. Defendant Garland orally announced at the January 8, 2009 hearing that she

---

argues with sincere passion that marriage is a fundamental right (see DE 28), Plaintiff has no due process right to remain married to a particular individual, nor has she explained how such a right could be accommodated without infringing on the statutory right of her husband to extricate himself from what he alleges is an irretrievably broken marriage. As the court held in Parejko, it is not obviously unconstitutional for a state legislature to decide that it will not force people to stay married if they chose to separate and to eliminate the concepts of guilt and innocence in divorce proceedings, particularly where the state has provided protections for the property and children of the failed marriage. 408 F.Supp.2d at 707-08.

was withdrawing this motion.

**DONE and ORDERED** at West Palm Beach, Palm Beach County, Florida this 23rd day of March, 2009.

                                                  KENNETH A. MARRA
                                                  United States District Judge

copies to:
Kathy Ann Garcia-Lawson, *pro se*
all counsel of record